# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **v.** | § | **CRIMINAL NO. H-19-148** |
| | § | |
| **GONZALO JOSE JORGE** | § | **UNDER SEAL** |
| **MORALES-DIVO,** | § | |
| | § | |
| **DEFENDANT** | § | |

## PLEA AGREEMENT

The United States of America, by and through Ryan K. Patrick, United States Attorney for the Southern District of Texas, and John P. Pearson and Robert S. Johnson, Assistant United States Attorneys, and Sandra Moser, Acting Chief of the Fraud Section of the Criminal Division of the United States Department of Justice ("Fraud Section"), and Sarah E. Edwards and Sonali D. Patel, Trial Attorneys, and the defendant, Gonzalo Jose Jorge Morales Divo ("Defendant"), and Defendant's counsel, pursuant to Rule 11(c)(1)(A) and 11(c)(1)(B) of the Federal Rules of Criminal Procedure, state that they have entered into an agreement, the terms and conditions of which are as follows:

### Defendant's Agreement

1.    Defendant agrees to plead guilty to Count One of the Information.    Count One charges Defendant with conspiracy to violate the Foreign Corrupt Practices Act ("FCPA"), in violation of Title 18, United States Code, Section 371.    Defendant, by

entering this plea, agrees that he is waiving any right to have the facts that the law makes essential to the punishment either charged in the Information, or proved to a jury, or proven beyond a reasonable doubt.

### Punishment Range

2.     The **statutory** maximum penalty for a violation of Title 18, United States Code, Section 371, is imprisonment of not more than five years and a fine of not more than $250,000 or twice the gross gain or loss.   Additionally, Defendant may receive a term of supervised release after imprisonment of up to three years.   *See* Title 18, United States Code, Sections 3559(a)(4), 3571(b)(1), 3571(d), and 3583(b)(2).   Defendant acknowledges and understands that if he should violate the conditions of any period of supervised release which may be imposed as part of his sentence, then Defendant may be imprisoned for up to two years, without credit for time already served on the term of supervised release prior to such violation.   *See* Title 18, United States Code, Sections 3559(a)(4) and 3583(e)(3).   Defendant understands that he cannot have the imposition or execution of the sentence suspended, nor is he eligible for parole.

### Mandatory Special Assessment

3.     Pursuant to Title 18, United States Code, Section 3013(a)(2)(A), immediately after sentencing, Defendant will pay to the Clerk of the United States

2

District Court a special assessment in the amount of one hundred dollars ($100.00) per count of conviction.   The payment will be by cashier's check or money order, payable to the Clerk of the United States District Court, c/o District Clerk's Office, P.O. Box 61010, Houston, Texas 77208, Attention: Finance.

## Immigration Consequences

4.   Defendant recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States. Defendant understands that if he is not a citizen of the United States, by pleading guilty he may be removed from the United States, denied citizenship, and denied admission to the United States in the future.   Defendant's attorney has advised Defendant of the potential immigration consequences resulting from Defendant's plea of guilty.

## Cooperation

5.   The parties understand this agreement carries the potential for a motion for departure under Section 5K1.1 of the Sentencing Guidelines.   Defendant understands and agrees that whether such a motion is filed will be determined solely by the United States through the United States Attorney for the Southern District of Texas and the Fraud Section.   Should Defendant's cooperation, in the sole judgment and discretion of the United States, amount to "substantial assistance," the United

States reserves the sole right to file a motion for departure pursuant to Section 5K1.1 of the United States Sentencing Guidelines.   Defendant further agrees to persist in the plea through sentencing, fully cooperate with the United States, and not to oppose the forfeiture of assets contemplated in paragraph 22 of this agreement. Defendant understands and agrees that the United States will request that sentencing be deferred until that cooperation is complete.

6.   Defendant understands and agrees that "fully cooperate," as that term is used herein, includes providing all information relating to any criminal activity known to Defendant, including but not limited to violations of the Foreign Corrupt Practices Act and any related crimes.   Defendant understands that such information includes both state and federal offenses arising therefrom.   In that regard:

(a)   Defendant agrees that this plea agreement binds only the United States Attorney for the Southern District of Texas, the Fraud Section, and Defendant; it does not bind any other United States Attorney or any other component of the Department of Justice;

(b)   Defendant agrees to testify truthfully as a witness before a grand jury or in any other judicial or administrative proceeding when called upon to do so by the United States.   Defendant further agrees to waive his Fifth Amendment privilege against self-incrimination for the purpose of this agreement;

(c)   Defendant agrees to voluntarily attend any interviews and conferences as the United States may request;

(d)   Defendant agrees to provide truthful, complete and accurate information and testimony and understands any false statements made

4

by the Defendant to the Grand Jury or at any court proceeding (criminal or civil), or to a government agent or attorney, can and will be prosecuted under the appropriate perjury, false statement, or obstruction statutes;

(e)    Defendant agrees to provide to the United States all documents in his possession or under his control relating to all areas of inquiry and investigation; and

(f)    Should the recommended departure, if any, not meet Defendant's expectations, the Defendant understands that he remains bound by the terms of this agreement and cannot, for that reason alone, withdraw his plea.

### Waiver of Appeal and Collateral Review

7.  Defendant is aware that Title 28, United States Code, Section 1291, and Title 18, United States Code, Section 3742, afford a defendant the right to appeal the conviction and sentence imposed. Defendant is also aware that Title 28, United States Code, Section 2255, affords the right to contest or "collaterally attack" a conviction or sentence after the judgment of conviction and sentence has become final. Defendant knowingly and voluntarily waives the right to appeal or "collaterally attack" the conviction and sentence, except that Defendant does not waive the right to raise a claim of ineffective assistance of counsel on direct appeal, if otherwise permitted, or on collateral review in a motion under Title 28, United States Code, Section 2255. Defendant's knowing and voluntary waiver of the right to appeal or collaterally attack the conviction and sentence includes waiving the right

5

to raise on appeal or on collateral review any argument that (1) the statute(s) to which the defendant is pleading guilty is unconstitutional and (2) the admitted conduct does not fall within the scope of the statute(s).   In the event Defendant files a notice of appeal following the imposition of the sentence or later collaterally attacks his conviction or sentence, the United States will assert its rights under this agreement and seek specific performance of these waivers.

8.   Defendant waives all defenses based on venue, speedy trial under the Constitution and Speedy Trial Act, and the statute of limitations, in the event that (a) Defendant's conviction is later vacated for any reason, (b) Defendant violates any provision of this Agreement, or (c) Defendant's plea is later withdrawn.

9.   In agreeing to these waivers, Defendant is aware that a sentence has not yet been determined by the Court.   Defendant is also aware that any estimate of the possible sentencing range under the sentencing guidelines that he may have received from his counsel, the United States or the Probation Office, is a prediction and not a promise, did not induce his guilty plea, and is not binding on the United States, the Probation Office or the Court.   The United States does not make any promise or representation concerning what sentence the defendant will receive.   Defendant further understands and agrees that the United States Sentencing Guidelines are "effectively advisory" to the Court.   *See United States v. Booker*, 543 U.S. 220

6

(2005).   Accordingly, Defendant understands that, although the Court must consult the Sentencing Guidelines and must take them into account when sentencing Defendant, the Court is not bound to follow the Sentencing Guidelines nor sentence Defendant within the calculated guideline range.

10.   Defendant understands and agrees that each and all waivers contained in the Agreement are made in exchange for the concessions made by the United States in this plea agreement.

## The United States' Agreements

11.   The United States agrees to each of the following:

(a)   At the time of sentencing, the United States agrees not to oppose Defendant's anticipated request to the Court and the United States Probation Office that he receive a two (2) level downward adjustment pursuant to section 3E1.1(a) of the United States Sentencing Guidelines, should Defendant accept responsibility as contemplated by the Sentencing Guidelines; and

(b)   If Defendant qualifies for an adjustment under section 3E1.1(a) of the United States Sentencing Guidelines, the United States agrees not to oppose Defendant's request for an additional one-level departure based on the timeliness of the plea or the expeditious manner in which Defendant provided complete information regarding his role in the offense (if Defendant's offense level is 16 or greater).

## Agreement Binding - Southern District of Texas and Fraud Section Only

12.   The United States Attorney's Office for the Southern District of Texas and the Fraud Section agree that they will not further criminally prosecute Defendant

7

for offenses arising from conduct charged in the Information.   This plea agreement binds only the United States Attorney's Office for the Southern District of Texas, the Fraud Section, and Defendant.   It does not bind any other United States Attorney's Office or any other component of the Department of Justice.   The United States Attorney's Office for the Southern District of Texas and the Fraud Section will bring this plea agreement and the full extent of Defendant's cooperation to the attention of other prosecuting offices, if requested.

### United States' Non-Waiver of Appeal

13.   The United States reserves the right to carry out its responsibilities under guidelines sentencing.   Specifically, the United States reserves the right:

(a)      to bring its version of the facts of this case, including its evidence file and any investigative files, to the attention of the Probation Office in connection with that office's preparation of a presentence report;

(b)      to set forth or dispute sentencing factors or facts material to sentencing;

(c)      to seek resolution of such factors or facts in conference with Defendant's counsel and the Probation Office;

(d)      to file a pleading relating to these issues, in accordance with section 6A1.2 of the United States Sentencing Guidelines and Title 18, United States Code, Section 3553(a); and

(e)      to appeal the sentence imposed or the manner in which it was determined.

8

## Sentence Determination

14.   Defendant is aware that the sentence will be imposed after consideration of the United States Sentencing Guidelines and Policy Statements, which are only advisory, as well as the provisions of Title 18, United States Code, Section 3553(a).   Defendant nonetheless acknowledges and agrees that the Court has authority to impose any sentence up to and including the statutory maximum set for the offenses to which Defendant pleads guilty, and that the sentence to be imposed is within the sole discretion of the sentencing judge after the Court has consulted the applicable Sentencing Guidelines.   Defendant understands and agrees that the parties' positions regarding the application of the Sentencing Guidelines do not bind the Court and that the sentence imposed is within the discretion of the sentencing judge.   If the Court should impose any sentence up to the maximum established by statute, or should the Court order any or all of the sentences imposed to run consecutively, Defendant cannot, for that reason alone, withdraw a guilty plea, and will remain bound to fulfill all of the obligations under this plea agreement.

9

## Rights at Trial

15. Defendant understands that by entering into this agreement, he surrenders certain rights as provided in this plea agreement. Defendant understands that the rights of a defendant include the following:

(a) Defendant has a right to have the United States Attorney present the charge in the Information to a Grand Jury consisting of not less than sixteen (16) nor more than twenty-three (23) impartial citizens, who would hear the facts of the case as presented by the United States Attorney and witnesses, and then return an indictment against the defendant only if twelve (12) or more members of the Grand Jury found that there was probable cause to believe the defendant committed the crime charged in the Information.

(b) If Defendant persisted in a plea of not guilty to the charge, Defendant would have the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if Defendant, the United States, and the court all agree.

(c) At a trial, the United States would be required to present witnesses and other evidence against Defendant. Defendant would have the opportunity to confront those witnesses and his attorney would be allowed to cross-examine them. In turn, Defendant could, but would not be required to, present witnesses and other evidence on his own behalf. If the witnesses for Defendant would not appear voluntarily, he could require their attendance through the subpoena power of the court; and

(d) At a trial, Defendant could rely on a privilege against self-incrimination and decline to testify, and no inference of guilt could be drawn from such refusal to testify. However, if Defendant desired to do so, he could testify on his own behalf.

10

## Factual Basis for Guilty Plea

16.   Defendant is pleading guilty because he is in fact guilty of the charge contained in Count One of the Information.   If this case were to proceed to trial, the United States could prove each element of the offense beyond a reasonable doubt. The following facts, among others would be offered to establish Defendant's guilt:

Petroleos de Venezuela S.A. (together with its subsidiaries and affiliates, "PDVSA") was the Venezuelan state-owned and state-controlled oil company. PDVSA was responsible for the exploration, production, refining, transportation, and trade in energy resources in Venezuela and provided funding for other operations of the Venezuelan government.   PDVSA was an "instrumentality" of the Venezuelan government as that term is used in the Foreign Corrupt Practices Act ("FCPA"), Title 15, United States Code, Section 78dd-2(h)(2)(A).

At all relevant times, Defendant, a Venezuelan citizen, resided in Miami, Florida.   Defendant's close friend and business associate, Jose Manuel GONZALEZ Testino ("GONZALEZ"), a dual U.S. and Venezuelan citizen, controlled multiple companies incorporated in the United States and Panama.

In approximately 2012, **MORALES** and GONZALEZ began working together.   **MORALES** invested in GONZALEZ's companies and became a partner in GONZALEZ's business activities, and **MORALES** and GONZALEZ shared an

11

office space located at 848 Brickell Avenue in Miami, Florida. **MORALES** and GONZALEZ bid for contracts to supply equipment and supplies to PDVSA using GONZALEZ's companies. When one of the GONZALEZ's companies won a contract, **MORALES** obtained financing and provided up-front capital to purchase the products required to fulfill the PDVSA contracts. Specifically, **MORALES** had a business interest in GONZALEZ's companies referred to as Company A, Company B, and Company C in the Information. Company A, Company B, and Company C ("the Companies") were each incorporated in both the United States and in Panama.

**MORALES** and GONZALEZ agreed to pay bribes to PDVSA officials in exchange for acts and decisions taken by the officials in their official capacity that conferred improper business advantages on **MORALES** and GONZALEZ in their business with PDVSA. These officials included Cesar David RINCON-Godoy, who served as the General Manager of Bariven, the procurement subsidiary of PDVSA.

For example, in exchange for bribe payments, RINCON (1) took steps to direct contracts to GONZALEZ's companies, including the Companies, (2) gave GONZALEZ's companies, including the Companies, priority over other vendors to receive payments, and (3) awarded GONZALEZ's companies' contracts with

12

PDVSA as contracts to be paid in United States dollars, instead of Venezuelan bolivars.

RINCON received bribe payments from each of the Companies into two bank accounts in the United States.   Specifically, Swiss bank accounts in the names of Companies A, B, and C wired a total of $629,000 in bribe payments to United States' bank accounts for RINCON's benefit between November 27, 2012 and June 3, 2013.

In addition to the bribes paid to RINCON, **MORALES** and GONZALEZ agreed to pay bribes to a group of individuals known as "the group," who controlled PDVSA's procurement subsidiary, Bariven.   In approximately 2012, **MORALES** met with Alejandro Isturiz, a member of the group, to discuss bribe payments. ISTURIZ told **MORALES** that **MORALES** and GONZALEZ had to pay bribes to the group.   ISTURIZ provided payment instructions to **MORALES**.   **MORALES** reported this conversation to GONZALEZ and provided GONZALEZ with the payment instructions from ISTURIZ, and GONZALEZ replied, in sum and substance, that he was already paying the group.   **MORALES** also met with Luis Carlos DE LEON, another member of the group, to discuss bribe payments.   After this meeting, **MORALES** told GONZALEZ about the **MORALES**'s conversation with DE LEON, and GONZALEZ stated that he was paying bribes to the group.

**MORALES** and **GONZALEZ** continued their business relationship, including the payment of bribes to PDVSA officials, for approximately two to three years. Between February 29, 2012 and April 23, 2014, MORALES received at least $2,534,365.65 in wire transfers from GONZALEZ's companies.

### Breach of Plea Agreement

17. If Defendant should fail in any way to fulfill completely all of the obligations under this plea agreement, the United States will be released from its obligations under the plea agreement, and Defendant's plea and sentence will stand. If at any time Defendant retains, conceals, or disposes of assets in violation of this plea agreement, or if Defendant knowingly withholds evidence or is otherwise not completely truthful with the United States, then the United States may move the Court to set aside the guilty plea and reinstate prosecution. Any information and documents that have been disclosed by Defendant, whether prior to or subsequent to this plea agreement, and all leads derived therefrom, will be used against Defendant in any such prosecution.

### Restitution, Forfeiture, and Fines – Generally

18. This Plea Agreement is being entered into by the United States on the basis of Defendant's express representation that he will make a full and complete disclosure of all assets over which he exercises direct or indirect control, or in which

14

he has any financial interest.   Defendant agrees not to dispose of any assets or take any action that would effect a transfer of property in which he has an interest, unless Defendant obtains the prior written permission of the United States.

19.   Defendant agrees to make a complete financial disclosure by truthfully executing a sworn financial statement (Form OBD-500 or similar form) within 30 days of signing this plea agreement.   Defendant agrees to authorize the release of all financial information requested by the United States, including, but not limited to, executing authorization forms permitting the United States to obtain tax information, bank account records, credit histories, and social security information. Defendant agrees to discuss and answer any questions by the United States relating to Defendant's complete financial disclosure.

20.   Defendant agrees to take all steps necessary to pass clear title to forfeitable assets to the United States and to assist fully in the collection of restitution and fines, including, but not limited to, surrendering title, executing a warranty deed, signing a consent decree, stipulating to facts regarding the transfer of title and the basis for the forfeiture, and signing any other documents necessary to effectuate such transfer.   Defendant also agrees to direct any banks which have custody of his assets to deliver all funds and records of such assets to the United States.

21.   Defendant understands that forfeiture, restitution, and fines are separate components of sentencing and are separate obligations.

## Forfeiture

22.   Defendant stipulates and agrees that the factual basis for his guilty plea supports the forfeiture of proceeds he received or obtained, directly or indirectly, in connection with the conspiracy to violate the FCPA.   Because not all of the relevant records are currently available, it is not practical at this time to determine the proper amount of a money judgment.   Prior to sentencing, Defendant and the United States will attempt to agree upon the money judgment amount and on any specific assets to be forfeited.   If they cannot agree, then the Court will be asked to determine the money judgment forfeiture based on a reasonable approximation of the amount of criminal proceeds that Defendant received as a result of the conspiracy to violate the FCPA. Defendant stipulates and admits that one or more of the conditions set forth in Title 21, United States Code, Section 853(p), exists.

23.   Defendant agrees to waive any and all interest in any asset which is the subject of a related administrative or judicial forfeiture proceeding, whether criminal or civil, federal or state.

24.   Defendant consents to any agreed order of forfeiture, including any personal money judgment, becoming final as to Defendant immediately following

16

its entry, pursuant to Federal Rule of Criminal Procedure 32.2(b)(4)(A), even if it is signed before sentencing.

25.   Subject to the provisions of paragraph 7 above, Defendant waives the right to challenge the forfeiture of property in any manner, including by direct appeal or in a collateral proceeding.

## Fines

26.   Defendant understands that under the Sentencing Guidelines the Court is permitted to order Defendant to pay a fine that is sufficient to reimburse the government for the costs of any imprisonment or term of supervised release, if any. Defendant agrees that any fine imposed by the Court will be due and payable immediately, and Defendant will not attempt to avoid or delay payment.   Subject to the provisions of paragraph 7 above, Defendant waives the right to challenge the fine in any manner, including by direct appeal or in a collateral proceeding.

## Complete Agreement

27.   This written plea agreement, consisting of 21 pages, including the attached addendum of Defendant and his attorney, constitutes the complete plea agreement between the United States, Defendant, and Defendant's counsel.   No promises or representations have been made by the United States except as set forth in writing in this plea agreement.   Defendant acknowledges that no threats have

been made against him and that he is pleading guilty freely and voluntarily because

he is guilty.

28.   Any modification of this plea agreement must be in writing and signed
by all parties.

Filed at _____*Houston*_____, Texas, on _____*April 11*_____,
2019.

_____
Defendant

Subscribed and sworn to before me on _____*April 11*_____, 2019.

DAVID J. BRADLEY, Clerk
UNITED STATES DISTRICT CLERK

By: _____
Deputy United States District Clerk

APPROVED:

Ryan K. Patrick
United States Attorney

By: _____
John P. Pearson
Robert S. Johnson
Assistant United States Attorneys
Southern District of Texas
Telephone: (713) 567-9342

18

Sandra Moser
Acting Chief, Fraud Section

By:

Sarah E. Edwards
Sonali D. Patel
Trial Attorneys
Telephone: (202) 305-6761

Gonzalo Jose Jorge Morales Divo
Defendant

Stephen Binhak, Andrew Kaufman, Roberto Martinez, and Curt Miner
Attorneys for Defendant

19

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. H-19-148 |
| | § | |
| GONZALO JOSE JORGE | § | UNDER SEAL |
| MORALES-DIVO, | § | |
| | § | |
| DEFENDANT | § | |
| | § | |

## PLEA AGREEMENT -- ADDENDUM

I have fully explained to Defendant his rights with respect to the pending Information.  These rights and the Information and Plea Agreement have been explained to Defendant in Spanish.  I have reviewed the provisions of the United States Sentencing Commission's Guidelines Manual and Policy Statements and I have fully and carefully explained to Defendant the provisions of those Guidelines which may apply in this case.  I have also explained to Defendant that the Sentencing Guidelines are only advisory and the court may sentence Defendant up to the maximum allowed by statute per count of conviction.  Further, I have carefully reviewed every part of this plea agreement with Defendant.  To my knowledge, Defendant's decision to enter into this agreement is an informed and

voluntary one.

_____          ___4/11/19_____
Stephen Binhak, Andrew Kaufman,                    Date
Roberto Martinez, and Curt Miner
Attorneys for Defendant

I have consulted with my attorney and fully understand all my rights with respect to the Information pending against me. My attorney has fully explained, and I understand, all my rights with respect to the provisions of the United States Sentencing Commission's Guidelines Manual which may apply in my case. I have read and carefully reviewed every part of this plea agreement with my attorney. I understand this agreement and I voluntarily agree to its terms.

_____          ___4/11/2019_____
Gonzalo Jose Jorge Morales Divo                    Date
Defendant

21