IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| UNITED STATES OF AMERICA, | CASE NO. H-19-148 |
|---|---|
| v. | |
| GONZALO MORALES-DIVO | |

**MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. §3582(c)(2) BASED ON AMENDMENT 821 (THE ZERO POINT OFFENDER AMENDMENT) SENTENCNG GUIDELINE SECTION §4C1.1**

Gonzalo Morales files this motion to reduce his sentence pursuant to 18 U.S.C. §3582(c)(2) and based on Amendment 821 (the Zero Point Offender Amendment) to U.S.S.G. §4C1.1.

At sentencing, Mr. Morales' total offense level was 33, and his guideline range was 135-168 months. Pursuant to U.S.S.G. §5G1.1(a), the Court reduced Mr. Morales' guideline sentence because the statutory maximum was 60 months. Then, pursuant to U.S.S.G. §5K1.1 Court sentenced Mr. Morales to 6 months of imprisonment to be followed by 6 months of home detention.

Mr. Morales is eligible for a "comparable" reduction under the Zero Point Offender Amendment. Consequently, the Court should grant this motion, reduce his sentence to 3 months of imprisonment and 3 months of home detention (which would provide for a 50% reduction of his sentence which is less than the 80% reduction that the Court previously granted).

A.  Background.

1. On March 5, 2019, the United States filed an Information which charged Mr. Morales with conspiracy to violate the Foreign Corrupt Practices Act in violation of 18 U.S.C. §371 (Count 1). The Information also contained a criminal forfeiture count.

2. On April 11, 2019, Mr. Morales plead guilty to the Information (D.E. 14) pursuant to a written plea agreement. (D.E. 16).

3. On November 10, 2021, the Court sentenced Mr. Morales (D.E. 39). Mr. Morales' total offense level under the Sentencing Guidelines was 33. He received 36 points under §2X1.1 (12 points for the amount of the bribe paid, 2 additional points because there was more than one bribe involved, and 22 points for the value of the benefit received). He received a 3 point reduction for acceptance of responsibility under §3E1.1(a) and (b)). Mr. Morales received no criminal history points. Accordingly, the relevant guideline range was 135-168 months. Pursuant to U.S.S.G. §5G1.1(a), though, the Court reduced Mr. Morales' sentence because the statutory maximum was 60 months.

4. Then, pursuant to U.S.S.G. §5K1.1, the Court sentenced Mr. Morales to 6 months of imprisonment to be followed by 6 months of home detention. During the period of home detention, Mr. Morales must perform 120 hours of community service per month.

B.  The Zero Point Offender Amendment.

5. 18 U.S.C. §3582(c)(2) provides a limited and narrow exception to the rule that final judgments cannot be modified. *See United States v. Armstrong*, 347 F.3d 905, 909 (11th Cir. 2003). Specifically, §3582(c)(2) provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . ., the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction *is consistent with applicable policy statements issued by the Sentencing Commission*.

18 U.S.C. §3582 (emphasis added).

6. Consequently, under §3582(c)(2), the Court must conduct a two-step analysis to determine whether to modify a final sentence based on a sentencing range that the Sentencing Commission has lowered. First, the Court must determine if a retroactive amendment to the Sentencing Guidelines lowered a defendant's guidelines range and whether a reduction is consistent with the applicable policy statements. Second, the Court must consider the §3553 factors to determine if it will exercise its discretion to reduce that defendant's sentence.

7. In this situation, although Amendment 821 went into effect on November 1, 2023, the policy statement "delays the effective date of orders reducing a defendant's term of imprisonment to a date no earlier than February 1, 2024." U.S.S.G. §1B1.10 cmt. n. 7. Accordingly, if a defendant is scheduled for release before February 1, 2024, he is not entitled to relief under Amendment 821.

8. Although the new Amendment generally precludes a retroactive reduction below a defendant's amended guidelines range, the new rules provide a specific exception if the Court reduced the defendant's sentence pursuant to a "substantial assistance" motion. That section provides:

> If the term of imprisonment imposed was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing pursuant to a government motion to reflect the defendant's substantial

assistance to authorities, a reduction *comparably less* than the amended guideline range determined under subdivision (1) of this subsection may be appropriate.

U.S.S.G. § 1B1.10(b)(2)(B) (emphasis added).

9. The relevant application notes explain how courts should deal with the term "comparably less." In essence, if the defendant received a 20% reduction for substantial assistance, the Court can reduce the existing sentence another 20%. The note says:

> Subsection (b)(2)(B) provides an exception to this limitation, which applies if the term of imprisonment imposed was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing pursuant to a government motion to reflect the defendant's substantial assistance to authorities. In such a case, the court may reduce the defendant's term, but the reduction is not limited by subsection (b)(2)(A) to the minimum of the amended guideline range. Instead, as provided in subsection (b)(2)(B), the court may, if appropriate, provide a reduction comparably less than the amended guideline range. Thus, if the term of imprisonment imposed in the example provided above was 56 months pursuant to a government motion to reflect the defendant's substantial assistance to authorities (representing a downward departure of 20 percent below the minimum term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing), a reduction to a term of imprisonment of 41 months (representing a reduction of approximately 20 percent below the minimum term of imprisonment provided by the amended guideline range) would amount to a comparable reduction and may be appropriate.

10. In addition, the §3553(a) factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the applicable sentencing guidelines range; (5) any

pertinent policy statement; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. *See* 18 U.S.C. §3553.

11. Under U.S.S.G. §4C1.1, a defendant who meets specific criteria is entitled to a two level reduction in his offense levels. Section §4C1.1 says:

(a) Adjustment. If the defendant meets all of the following criteria:

(1) the defendant did not receive any criminal history points from Chapter Four, Part A;

(2) the defendant did not receive an adjustment under §3A1.4 (Terrorism);

(3) the defendant did not use violence or credible threats of violence in connection with the offense;

(4) the offense did not result in death or serious bodily injury;

(5) the instant offense of conviction is not a sex offense;

(6) the defendant did not personally cause substantial financial hardship;

(7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;

(8) the instant offense of conviction is not covered by §2H1.1 (Offenses Involving Individual Rights);

(9) the defendant did not receive an adjustment under §3A1.1 (Hate Crime Motivation or Vulnerable Victim) or §3A1.5 (Serious Human Rights Offense); and

(10) the defendant did not receive an adjustment under §3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. §848;

decrease the offense level determined under Chapters Two and Three by 2 levels.

C.  The Court Should Apply The Reduction and Reduce Mr. Morales' Sentence.

12. Given these principles, Mr. Morales is eligible for a sentence reduction under Amendment 821. First, Mr. Morales qualifies for the adjustment for zero-point offenders because he meets the criteria in §4C1.1. Second, a reduction in Mr. Morales' sentence is consistent with the applicable policy statements. Third, his release is scheduled for after February 1, 2024.

11. Specifically, the Court should apply a 50% reduction to Mr. Morales' sentence (and reduce his period of imprisonment to 3 months and his period of home detention to 3 months). In this way, Mr. Morales would receive a comparable reduction to what he received through his original substantial assistance reduction. In fact, the 50% reduction would be substantially less than the 80% reduction that he already received. *See* U.S.S.G.§1B1.10(b)(2)(B); *see also Dillon v. United States*, 560 U.S. 817 (2010) ("The court is also constrained by the Commission's statements dictating by what amount the sentence of a prisoner serving a term of imprisonment affected by the amendment may be reduced." (cleaned up)). Further, according to the BOP website, Mr. Morales is schedule for release on May 29, 2024— several months after February 1, 2024.

12. Moreover, given the §3553 factors, the Court should reduce Mr. Morales' sentence. Mr. Morales has served a significant portion of his sentence (he is currently projected to be released in May 2024), and he has done so without incident. In addition, Mr. Morales has a hernia, and he would greatly benefit from private medical attention. Moreover, Mr. Morales has assisted and continues to assist the government.

13. Under the circumstances, the Court should reduce Mr. Morales' sentence to a period of incarceration of 3 months and a period of home detention of 3 months.

15. After exchanging emails with the local AUSA assigned to this case, undersigned sent two emails with a copy of this motion to the DOJ prosecutors assigned to the case to request their position regarding the relief requested in this motion (1/29/2024 and 2/1/2024). The prosecutors have not responded to either email.

D. <u>Conclusion</u>.

For all of these reasons, the Court should grant this motion and reduce Mr. Morales' sentence to a period of incarceration of 3 months to be followed by a period of home detention of 3 months.

Respectfully submitted,

**THE LAW OFFICE OF STEPHEN JAMES BINHAK, P.L.L.C.**
*Attorneys for Gonzalo Morales-Divo*
One Southeast Third Ave., Suite 2600
Miami, Florida 33131
Telephone: (305) 361-5500
Facsimile: (305) 428-9532

By: /s/ Stephen James Binhak
    Stephen James Binhak, Esq.
    Florida Bar No. 0736491
    binhaks@binhaklaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on February 8, 2024, I electronically filed the foregoing motion with the Clerk of Court using CM/ECF.

/s/ Stephen James Binhak
STEPHEN JAMES BINHAK
