UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | § |
| | § |
| v. | §   CRIMINAL NO. 19-cr-148 |
| | § |
| GONZALO JOSE JORGE MORALES-DIVO | § |
| | § |

### GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION FOR SENTENCE REDUCTION BASED ON ZERO-POINT OFFENDER AMENDMENT

The United States, by and through its undersigned attorneys, hereby respectfully submits its opposition to Defendant Gonzalo Jose Jorge Morales-Divo's ("Defendant" or "Defendant Morales") motion for a sentence reduction under 18 U.S.C. § 3582(c)(2) based on Amendment 821 (the Zero Point Offender Amendment) U.S.S.G. § 4C1.1.  DE 78.  Defendant Morales is ineligible for a sentence reduction because his sentence was based on his statutory maximum sentence and not on a Guideline range that was later lowered by Amendment 821.  Additionally, the 18 U.S.C. § 3553 factors do not support further reduction.

I.   FACTUAL BACKGROUND

   A.  Procedural History and Sentencing

Defendant Morales was charged in connection with the Government's long-running investigation into bribery and corruption at Petróleos de Venezuela, S.A. ("PDVSA"), the Venezuelan state-owned and -controlled oil company.  He was charged by information on March 5, 2019, with one count of conspiracy to violate the Foreign Corrupt Practices Act ("FCPA") in violation of 18 U.S.C. § 371 and he pleaded guilty to that count on April 11, 2019.

The United States Probation Office ("Probation") prepared a Presentence Investigation Report ("PSR") for Defendant Morales, which was provided to the parties on May 15, 2020. The PSR calculated Defendant Morales's advisory guidelines range pursuant to the United States Sentencing Guidelines (the "Guidelines") as follows:

| Base Offense Level | **12** | U.S.S.G. § 2C1.1(a)(2) |
|---|---|---|
| Specific Offense Characteristics | **+2** | U.S.S.G. § 2C1.1(b)(1) (More than one bribe) |
|  | **+22** | U.S.S.G. § 2C1.1(b)(2) (Value of Benefit Received) |
| Acceptance of Responsibility | **-3** | U.S.S.G. § 3E1.1 |
| Total Offense Level | **33** |  |
| Criminal History Category | **I** |  |

PSR at 13-14. The PSR stated that based on a total offense level of 33 and a criminal history category of I, the Guideline range for imprisonment is 135 to 168 months, and noted however, that pursuant to 18 U.S.C. § 371, "the maximum term of imprisonment is 5 years." PSR at 21. Thus, the PSR concluded that "pursuant to USSG §5G1.1(a), the guideline sentence becomes the statutorily authorized maximum term of <u>60 months</u> imprisonment." PSR at 21 (emphasis in original).

The Government filed a motion pursuant U.S.S.G. § 5K1.1 requesting that the Court reduce Defendant Morales's advisory Guidelines range due to Morales providing the Government with substantial assistance. The Government took the position that as per the PSR, Morales's advisory Guidelines range was 60 months and in light of his cooperation, the Government recommended that the Court reduce the advisory Guidelines range by 25% and sentence Morales to a term of imprisonment of 45 months.

This Court sentenced Defendant Morales on November 10, 2021. At sentencing, the Court stated that it:

> will adopt the presentence report and find that the total offense level is 33 with a criminal history category of I. That yields a recommended period of imprisonment of 60 months pursuant to the five-year maximum for this particular offense; a period of supervised release of one to three years; a fine range from 17,500 to $77,852,000; and a special assessment of $100.

Exhibit A, Nov. 10, 2021, Sentencing Transcript at 12. The Court then heard argument on the Government's 5K motion and the Government's assessment of Defendant Morales's role in comparison to other similarly situated PDVSA defendants. The Court found:

> I think probably Mr. Beech is the most comparable in terms of culpability in terms of the defendant in this case, and so I think I would ordinarily impose a sentence of 12 months and a day, after granting the government's 5K motion and going down farther than they suggested. I would ordinarily impose a sentence of 12 months and a day, but I think in this case I'm going to do a split sentence. I'm going to do six months in the custody of the Bureau of Prisons and then I'm going to do six months of home confinement.

*Id*. at 35-36. Ultimately Defendant Morales was sentenced to six months imprisonment, followed by three years of supervised released including six months of home confinement and 120 hours of community service for each month.

Due to Defendant's continued cooperation, he surrendered to BOP on December 1, 2023, and is scheduled to be released in and around end of May 2024.

### B. Amendment 821 – "Zero-Point Offenders" Amendment

On April 5, 2023, the U.S. Sentencing Commission voted to promulgate a series of amendments to the U.S. Sentencing Guidelines, which took effect on November 1, 2023. Amendment 821 of the Guidelines allows for a sentence reduction for certain "Zero-Point Offenders." Specifically, Part B, Subpart 1 creates a new provision, Section 4C1.1, that provides a two-level downward adjustment in offense level for certain offenders who present zero criminal

history points and are not subject to any of the ten exclusionary criteria listed in § 4C1.1. The amendment also adds application note 2, which provides for an upward departure if the two-level decrease for a particular offender "substantially underrepresents the seriousness of the defendant's criminal history." Section 1B1.10(e)(2) allows for Amendment 821 to be applied retroactively as of February 1, 2024.

On February 8, 2024, Defendant Morales filed a motion to reduce his sentence retroactively pursuant to the Zero-Point Offenders Amendment. Defendant argues that because he meets the criteria set out in U.S.S.G. § 4C1.1 and pursuant to the § 3553 factors, this Court should apply a 50% reduction off his current sentence and reduce his period of imprisonment to three months and home detention to three months. DE 78 at 1, 6. Morales argues that the 50% reduction would be substantially less than the 80% reduction he already received. *Id*. at 6.

## II.  LEGAL STANDARD

"A federal court generally 'may not modify a term of imprisonment once it has been imposed.'" *Dillon v. United States*, 560 U.S. 817, 819 (2010) (quoting 18 U.S.C. § 3582(c)); *United States v. Varner*, 948 F.3d 250, 253 (5th Cir. 2020); *United States v. Banks*, 770 F.3d 346, 348 (5th Cir. 2014); *United States v. Hernandez*, 645 F.3d 709, 711 (5th Cir. 2011). In enacting 18 U.S.C. § 3582(c)(2), Congress created a "limited" exception to this rule. *Dillon*, 560 U.S. at 825. Section 3582(c)(2) permits the discretionary modification of a defendant's sentence if the sentence was "*based on* a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2) (emphasis added). Any reduction must comport with "applicable policy statements issued by the Sentencing Commission." *Id*. Section 1B1.10 (2016) of the Sentencing Guidelines therefore requires that "the guideline range applicable to [the] defendant has subsequently been lowered." *See Dillon*, 560 U.S. at 821.

In deciding whether to reduce a sentence, a court must conduct a two-step inquiry. *Id*. at 826-27. At step one, § 3582(c)(2) requires the court to follow the Commission's instructions in §1B1.10 to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized. *Id*. at 827. Specifically, §1B1.10(b)(1) requires the court to begin by "determin[ing] the amended guideline range that would have been applicable to the defendant" had the relevant amendment been in effect at the time of the initial sentencing. *Id*. "In making such determination, the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected." *Id*. "At step two of the inquiry, § 3582(c)(2) instructs a court to consider any applicable [18 U.S.C.] § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." *Id*.

### III.   ARGUMENT

Defendant Morales is ineligible for a sentence reduction given that his sentence was "based on" his statutorily imposed 60-month maximum, and not on "a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 US.C. § 3582(c)(2). Additionally, a review of the § 3553 factors in this case demonstrates that a further reduction of Defendant Morales's sentence is unwarranted, because he already received a substantially lower sentence than his statutory maximum and one that was lower than similarly-situated defendants in the broader PDVSA bribery scheme.

### A. Morales is ineligible for a sentence reduction under 18 U.S.C. § 3582(c)(2).

"For a sentence to be 'based on' a lowered Guidelines range, the range must have at least played 'a relevant part [in] the framework the [sentencing] judge used' in imposing the sentence[,]"

5

otherwise relief under § 3582(c)(2) is unavailable. *Koons v. United States*, 138 S. Ct. 1783, 1788 (2018) (citing *Hughes v. United States, ante*, 584 U.S. 675, 687 (2018)).

In *Koons*, the Supreme Court held that relief under § 3582(c)(2) is unavailable to a defendant whose Guidelines range is "scrapped" in favor of a statutory mandatory minimum sentence. *Koons*, 138 S.Ct. at 1787-88. In *Koons*, five petitioners pleaded guilty to methamphetamine conspiracy offenses that subjected them to mandatory minimums. *Id*. at 1787. When the district court initially calculated petitioners' advisory Guideline ranges, the top end of the Guidelines range for each fell below the mandatory minimum penalty so the district court concluded that "the mandatory minimum superseded the Guideline range." *Id*. (noting "[i]ndeed, the Guidelines themselves instruct that '[w]here a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the [final] guideline sentence.'") (citing U.S.S.G § 5G1.1(b) (Nov. 2016); *see also* § 1B1.1(a)(8)). Additionally, in considering the government's 5K motions requesting downward departures, the district court did not consider the original guideline ranges "that it had earlier discarded" and ultimately imposed sentences that represented downward departures from the mandatory minimums of between 25 and 45 percent. *Id*. at 1787-88. Years later, petitioners sought sentence reductions pursuant to Amendment 782 issued by the Sentencing Commission, which reduced the Guidelines' base offense levels for certain drug offenses, including those for which petitioners were convicted.

The Supreme Court held that "petitioners d[id] not qualify for sentence reductions under § 3582(c)(2) because their sentences were not 'based on' their lowered Guidelines ranges. Instead, their sentences were 'based on' their mandatory minimums and on their substantial assistance to the Government." *Id*. at 1788. The district court "scrapped the ranges in favor of the

6

mandatory minimums, and never considered the ranges again." *Id*. Having "dropped out of the case," the displaced Guideline ranges "could not come close to forming the 'basis for the sentence that the District Court imposed,' and petitioners thus could not receive § 3582(c)(2) sentence reductions." *Id*. (citing *Hughes* 584 U.S. at 691).

While *Koons* dealt with a statutory *minimum*, not a statutory *maximum* as is the case here, the Supreme Court's reasoning holds true. *See United States v. Rivera-Cruz*, 904 F.3d 324, 327 (3d Cir. 2018) (finding the "distinction immaterial"). Indeed, as the Third Circuit has concluded, "[i]n both cases, USSG § 1B1.1(a)(8) instructs courts to apply § 5G1.1, among other provisions, after calculating an initial range." *Id*. Similar to § 5G1.1(b) (applying to statutory minimums), section 5G1.1(a) provides that "[w]here the statutorily authorized maximum sentence is less than the minimum of the applicable guideline range, the statutorily authorized maximum sentence shall be the guideline sentence[.]" *Id*.; *see also United States v. Dickerson*, 638 F. App'x 384, 385 (5th Cir. 2016) (citing USSG § 5G1.1(a) (when a defendant's sentencing range is above the statutory maximum punishment, that defendant's sentencing range is "restricted to the statutory maximum punishment").

That was the case here. While Morales's calculated advisory Guideline range was 135 to 168 months, as this Court recognized, "[t]hat yields a recommended period of imprisonment of 60 months pursuant to the five-year maximum for this particular offense." Exhibit A at 12; *see also* PSR at 21 (concluding that pursuant to USSG § 5G1.1(a), "the guideline sentence becomes the statutorily authorized maximum term of <u>60 months</u> imprisonment."). Once this Court adopted the PSR and found that the applicable period of imprisonment was limited to 60 months, the Court no longer referenced or relied upon the Guideline range in its sentencing decision. Additionally, after granting the Government's 5K motion, the Court sentenced Morales to a period of imprisonment

7

"down farther" from the Government's recommended 25% departure that was expressly based on the 60-month statutory maximum. Exhibit A at 35-36. In essence, Morales's advisory Guideline range "dropped out of the case," *Koons*, 138 S. Ct. at 1788, and once out of the case could not form the basis of the sentence. Therefore, Morales's sentence was not "based on" a Guidelines range that was subsequently lowered by the Sentencing Commission as required by § 3582(c)(2), making him ineligible for a sentence reduction.[1]

After *Koons*, the Fifth Circuit decided one case where the defendant was subject to a mandatory maximum sentence, but it does not compel a different result here  In *United States v. Lopez*, 989 F.3d 327 (5th Cir. 2021), defendant pleaded guilty to conspiracy to possess with intent to distribute five kilograms or more of cocaine and conspiracy to possess with intent to distribute fifty kilograms or more of marijuana. The PSR calculated a total offense level of 35 and a criminal history Category VI, resulting in an advisory Guideline range of 292 to 365 months of imprisonment. *Lopez*, 989 F.3d at 330. Although the statutory maximum for the cocaine count was life imprisonment, the statutory maximum for the marijuana count was 20 years of imprisonment. As a result, Lopez's "guideline sentence," for the marijuana count was 240 months. *Id*.

Prior to sentencing, the government moved for a three-level downward departure for substantial assistance pursuant to U.S.S.G. § 5K1.1. *Id*. at 330. That departure would reduce Lopez's offense level to 32. At sentencing, the district court adopted the PSR and the government's motion for a downward departure, "creating new hypothetical sentencing ranges of

---

[1] Defendant does not seem to dispute that this Court based his sentence on the 60-month statutory maximum. *See* DE 78 at 1 ("At sentencing, Mr. Morales' total offense level was 33, and his guideline range was 135-168 months. Pursuant to U.S.S.G. §5G1.1(a), the Court reduced Mr. Morales' guideline sentence because the statutory maximum was 60 months.").

8

210 to 262 months on the cocaine count and 210 to 240 months on the marijuana count." *Id*. The court ultimately sentenced Lopez to 210 months of imprisonment on each count, to run concurrently. *Id*.

After Amendment 782 came into effect, Lopez moved for a sentence reduction. Probation determined that, in light of the amendment, Lopez's new total offense level was 34 and, with a criminal history Category VI, his new applicable guidelines range was 262 months to 327 months of imprisonment. But because of the statutory maximum on the marijuana count, the "guidelines sentence" for that count continued to be 240 months of imprisonment. *Id*. at 331. The government and Lopez submitted a joint request that the district court sentence Lopez to 188 months of imprisonment on both counts. *Id*. While the district court reduced Lopez's sentence to 188 months on the cocaine count, it refused to reduce his original 210-month sentence on the marijuana count. *Id*. The district court concluded that Lopez was not eligible for a sentencing reduction on that count because the original and the amended "guideline range" was the same (240 months). *Id*. (citing U.S.S.G. §1B1.10(a)(2)(B) ("A reduction . . . is not authorized . . . if . . . an amendment . . . does not have the effect of lowering the defendant's applicable guideline range.")).

On appeal, the Fifth Circuit disagreed. Relying heavily on the Supreme Court's threshold "based on" analysis in *Koons*, the Fifth Circuit found that "[u]nlike the district court in *Koons*, the court here did not discard or 'scrap[] the ranges in favor of the mandatory minimums . . . never consider[ing] the ranges again.'" *Id*. at 334. The Court noted that after granting the government's 5K motion, "the district court determined that Lopez's guideline range for the marijuana count was 210 months (the lower end of the Guidelines range) to 240 months (the statutory maximum)" and "[t]hus the guideline range was 'a relevant part of the analytic framework the judge used to determine the sentence.'" *Id*. The Court concluded that the district court "explicitly relied on

9

Lopez's initial guideline range in calculating the level of departure under section 5K1.1, [therefore], Lopez passed the threshold 'based on' requirement." *Id*.

As previously explained, unlike in *Lopez*, this Court did not rely on Morales's initial Guideline range once it adopted the PSR. Morales's sentence was based on his mandatory maximum and his substantial assistance to the Government, not on his Guideline range, thus making him ineligible for the relief he seeks. *See Rivera-Cruz*, 904 F.3d at 326, 329 (holding that where the statutory maximum is below the Guideline range, the same rule as in *Koons* applies and finding defendant ineligible because like in *Koons*, defendant "received a sentence 'based on' a statutory requirement, not on a Guidelines range that was later lowered by the United States Sentencing Commission."); *United States v. Madueno*, 4:07-CR-185-1, 2022 U.S. Dist. LEXIS 191315, *6-7 (E.D. Tex. Oct. 19, 2022) (finding defendant ineligible for a sentence reduction because he was "sentenced to the statutory maximum of 20 years' imprisonment, significantly below the guideline range of 360 months to life for the quantity of ephedrine involved in the offense.").

### B. Even if Morales were eligible, reducing Morales's sentence from 6 months to 3 months is unwarranted pursuant to the 18 U.S.C. § 3553(a) factors.

"Even though [a] district court *may* grant a comparable sentence reduction, . . . it is not compelled to do so." *United States v. Cooley*, 590 F.3d 293, 297 (5th Cir. 2009). Section 3582(c)(2) recognizes that reducing a defendant's sentence is left to the district court's discretion and thus requires courts to consider any applicable § 3553(a) factors in determining whether a reduction is warranted. 18 U.S.C. § 3582(c)(2).

Section 3553(a) directs courts to impose a sentence "sufficient, but not greater than necessary" to further the following purposes:

10

> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
> (B) to afford adequate deterrence to criminal conduct;
>
> (C) to protect the public from further crimes of the defendant; and
>
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner[.]

18 U.S.C. § 3553(a)(2). The Section further directs courts to consider: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the statutory purposes noted above; (3) the kinds of sentences available; (4) the kinds of sentences and the sentencing range as set forth in the Sentencing Guidelines; (5) the Sentencing Guidelines policy statements; (6) the need to avoid unwarranted sentencing disparities; and (7) the need to provide restitution to any victims of the offense. *Id*.

The serious nature of the corruption in which Defendant Morales was involved warrants no further sentence reduction. Defendant Morales participated in a sophisticated bribery scheme in which he took an active role in bribing PDVSA officials in exchange for improper business advantages benefiting companies that he had an interest in and/or were owned by his business partner and co-conspirator. His criminal conduct resulted in an improper benefit to those companies of nearly $40 million and Defendant Morales personally made approximately $2.5 million.

Further reduction will also result in sentencing disparities amongst similarly situated co-conspirators and other defendants in the larger PDVSA bribery scheme. At sentencing, this Court assessed Defendant Morales's criminal conduct and culpability in comparison to other defendants already sentenced and although in this case this Court "would ordinarily impose a sentence of 12 months and a day, after granting the government's 5K motion," Exhibit A at 35, it imposed a split

sentence of six months in custody and six months of home confinement given the particular facts of this case. Morales's sentence is already significantly below his 60-month statutory maximum and reflects this Court's extensive experience in sentencing defendants charged in the broader PDVSA investigation. *Cooley*, 590 F.3d at 297 (agreeing with the district court's finding that the original sentence was below even the new guidelines and no further reductions were warranted); *see also United States v. Williams*, 609 F.3d 368, 369 (5th Cir. 2010) (finding that the "district court did not abuse its discretion in denying the motion for a reduced sentence because the sentence was already significantly below his modified range" and "defendant identified no convincing reasons why he was deserving of a sentence reduction.").[2]

## CONCLUSION

For the foregoing reasons, the Government respectfully requests that Defendant's motion be denied.

---

[2] Defendant Morales argues that he would benefit from a sentence reduction because he has a medical condition and because he has assisted and continues to assist the government. DE 78 at 6. However, this Court already took Morales's health and substantial assistance into consideration when it fashioned a split sentence.

Respectfully submitted,

| | |
|---|---|
| GLENN S. LEON | ALAMDAR HAMDANI |
| CHIEF | U.S. ATTORNEY |
| Fraud Section, Criminal Division | United States Attorney's Office |
| United States Department of Justice | Southern District of Texas |
| | |
| */s/ Marihug P. Cedeño* | */s/ Robert S. Johnson* |
| | |
| MARIHUG P. CEDEÑO | ROBERT S. JOHNSON |
| MICHAEL C. DILORENZO | ASSISTANT UNITED STATES |
| TRIAL ATTORNEYS | ATTORNEY |
| SONALI D. PATEL | |
| ASSISTANT CHIEF | |
| | |
| Fraud Section, Criminal Division | United States Attorney's Office |
| United States Department of Justice | Southern District of Texas |
| 1400 New York Avenue, N.W. | 1000 Louisiana, Ste. 2300 |
| Washington, D.C.  20005 | Houston, TX 77002 |
| Tel:    (202) 558-8556 | Tel:    (713) 567-9342 |

## **CERTIFICATE OF SERVICE**

I hereby certify that, on March 4, 2024, I filed the foregoing motion with the Clerk of the Court using the ECF/CM system for filing and service on all counsel of record.

*/s/ Sonali D. Patel*
Sonali D. Patel
Assistant Chief
Fraud Section, Criminal Division
U.S. Department of Justice