Case 4:19-cr-00148   Document 81   Filed on 03/27/24 in TXSD   Page 1 of 6

United States District Court
Southern District of Texas
**ENTERED**
March 27, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | § § § |
| v. | §  CRIMINAL ACTION H-19-148 § § |
| GONZALO JOSE JORGE MORALES-DIVO *in custody* | § § § |

## MEMORANDUM OPINION AND ORDER

Pending before the court is a motion to reduce sentence filed by defendant Gonzalo Jose Jorge Morales-Divo.[1] Dkt. 78. Morales asserts that he is a zero-point offender, and he requests a reduction pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 to the U.S. Sentencing Commission's Guidelines Manual (the "Guidelines"). *Id.* The Government is opposed to the motion, and it filed a response on March 4, 2024. Dkt. 80. After considering the motion, response, and applicable law, the court is of the opinion that the motion should be DENIED.

### I. BACKGROUND

On March 5, 2019, Morales was charged by information with conspiracy to violate the Foreign Corrupt Practices Act in violation of 18 U.S.C. § 371. Dkt. 1. He pled guilty on April 11, 2019, and the U.S. Probation Department prepared a Presentence Investigation Report (PSR) to assist the court in sentencing. Dkts. 14, 16, 29.

The sentencing proceeding was held on November 10, 2021. *See* Dkt. 80, Ex. 1 (sentencing transcript). The Government did not object to the PSR. *Id.* The defendant objected to the way

---

[1] The defendant refers to himself as "Gonzalo Morales" in the text of his motion. *See* Dkt. 78. The court will refer to him as "Morales."

the guidelines were calculated in the PSR, and the court overruled that objection. *Id.* The court adopted the PSR. *Id.* The court noted that Morales's total offense level was 33 with a criminal history category of 1. *Id.* However, the court also stated that the recommended term of imprisonment was 60 months pursuant to a mandatory maximum of five years. *Id.* After hearing from the parties and the defendant, the court sentenced Morales to six months in custody and six months of home confinement during which Morales is required to do 120 hours of community service each month. *Id.* The court also imposed a significant monetary judgment. *See* Dkts. 24, 44. The court imposed a term of supervised release of three years, the first six-months of which would occur during home confinement. Dkt. 80, Ex. 1. Morales reported to serve his sentence on December 1, 2023, and he is scheduled to be released to home confinement at some point in May 2024. *See* Dkts. 74, 80.

The U.S. Sentencing Commission amended the Guidelines on September 1, 2023. *See* Sentencing Guidelines for the United States Courts, 88 Fed. Reg. 60,534 (Sep. 1, 2023). The amendment, known as "Amendment 821," makes certain adjustments to status points under § 4A1.1 of the Guidelines for defendants who committed any part of the offense while under a criminal justice sentence and reduces the offense level for certain individuals who do not have any criminal history points, which it calls "zero point" offenders, by two levels. *See id.*; U.S. Sent'g Comm'n, Amendment 821, https://www.ussc.gov/guidelines/amendment/821 (last visited Mar. 5, 2024). The criminal history adjustments made in Amendment 821 are retroactive. *See* U.S. Sent'g Comm'n, Amendment 825, https://www.ussc.gov/guidelines/amendment/825 (last visited Mar. 5, 2024).

In the instant motion, Morales asserts that he is a zero-point offender, and he requests a reduction in his sentence under Amendment 821. He acknowledges that his sentence was below

the guidelines range, but he argues that his sentence was below the guidelines range because he offered substantial assistance to authorities and that he is eligible for a reduction from the amended guidelines range in a comparative amount. Dkt. 78. Morales urges the court to reduce his sentence by 50%. *Id.*

The Government argues that Morales is not eligible for a reduction because his sentence was not based on a guideline range that was subsequently lowered by the U.S. Sentencing Commission but rather on the statutory maximum sentence range. Dkt. 80. The Government also asserts that a further reduction in Morales's sentence is unwarranted when one considers the factors in 18 US.C. § 3553(a), as Morales took an active role in a sophisticated bribery scheme in which he made $2.5 million. *Id.*

The court will first set forth the legal standard for reducing the length of a criminal sentence. Then, it will review the factors it considered in imposing the original sentence and determine whether Morales's sentence should be reduced pursuant to Amendment 821.

## II. Legal Standard

A court generally cannot reduce a sentence after it has already been imposed. However, 18 U.S.C. § 3582(c)(2) creates an exception:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

The court thus must determine if a reduction is consistent with the U.S. Sentencing Commission's policy statements and, if so, apply the factors set forth in 18 U.S.C. § 3553(a) to ensure the sentence

is sufficient but not greater than necessary.  *See* 18 U.S.C. § 3553(a); *United States v. Larry*, 632 F.3d 933, 936 (5th Cir. 2011).  Section 3582(c)(2) "does not entitle a defendant to a reduced term of imprisonment as a matter of right."  U.S.S.G. 1B1.10.

The U.S. Sentencing Commission's policy statement is contained in § 1B1.10 of the Guidelines.  Section 1B1.10 indicates that if the application of Amendment 821 results in a lower guideline range, then a reduction pursuant to § 3582(c)(2) is consistent with U.S. Sentencing Commission policy.  However, "[i]n no event may the reduced term of imprisonment be less than the term of imprisonment the defendant has already served."  U.S.S.G. § 1B1.10(b)(2)(C).

### III. ANALYSIS

Morales is seeking a reduction as a zero-point offender.  He asserts that the court should reduce his offense level by two under the Zero-Point Offender Adjustment, determine the guidelines range with this reduced offense level, consider the amount his actual sentence was reduced from the original guidelines range, and give him a comparable reduction from the new offense level.  *See* Dkt. 78.  The Government points out that his sentence was not based on his guidelines range, but on a mandatory maximum sentence that was reduced due to substantial assistance.  The Government thus asserts that Morales is not eligible for the reduction.  The Government also argues that even if he were, the 18 U.S.C. § 3553 factors weigh against reducing Morales's sentence.  *See* Dkt. 80.

The court agrees with the Government that Morales is not eligible for a reduction under the plain language of 18 U.S.C. § 3582(c)(2).  Section 3582(c)(2) only permits a court to reduce a sentence when the defendant was "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission."  Here, Morales's offense level was 33 with a criminal history category of 1, which results in a range under the

Guidelines of 135 to 168 months. *See* U.S.S.G. Ch. 5, Pt. A (sentencing table); Dkt. 29 (PSR) (sealed). However, the U.S. Probation Office noted in the PSR that "pursuant to USSG § 5G1.1(a), the guideline sentence becomes the statutorily maximum term of <u>60 months</u> imprisonment." Dkt. 29. And, indeed, § 5G1.1(a) indicates: "Where the statutorily authorized maximum sentence is less than the minimum of the applicable guideline range, the statutorily authorized maximum sentence shall be the guideline sentence." Thus, Morales's 60-month sentence was the "guideline sentence." This guideline sentence was not "subsequently lowered by the U.S. Sentencing Commission." *Cf. United States v. Rivera-Cruz*, 904 F.3d 324, 328 (3d Cir. 2018) (determining, when considering a different retroactive amendment to the Guidelines, that a sentence that was imposed because the statutory maximum was lower than the guideline range was not "based on" the guideline range).

Even if one were to attempt to apply the retroactive amendment, the guideline sentence would not change. If a defendant meets all the criteria as a zero-point offender, the court reduces "the offense level determined under Chapters Two and Three [of the Guidelines] by 2 levels." U.S.S.G. § 4C1.1(a). In Morales's case, the offense level calculated in the PSR, which was adopted by the court, was 33, and his criminal history category was 1. Dkt. 29. Reducing the offense level by two points to 31 results in a guideline range of 108 to 135 months, which is still significantly greater than the statutory maximum of 60 months. *See* U.S.S.G. Ch. 5, Pt. A (sentencing table). The guideline sentence would still be the statutory maximum—60 months. *See* § 5G1.1(a). Thus, the sentencing range has not been subsequently lowered by the U.S. Sentencing Commission.

Moreover, the court finds that Morales would not be entitled to a reduction because lowering his sentence would result in a sentence that would not be sufficient to comply with the purposes set forth in 18 U.S.C. § 3553(a). A sentence lower than the sentence already imposed

would not, for example, adequately reflect the seriousness of Morales's offense or afford adequate deterrence, particularly given the amount of money involved in this offense.

## IV. Conclusion

Morale's motion for a sentence reduction (Dkt. 78) is DENIED.

Signed at Houston, Texas on March 27, 2024.

_____
Gray H. Miller
Senior United States District Judge